UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 2:08CR188-PPS |
| JAMES A. ASKEW, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

James Askew was convicted on his plea of guilty to a charge of being a felon unlawfully in possession of a firearm. [DE 14, 16.] On October 28, 2010, I sentenced Askew to a term of 70 months' imprisonment, to be served consecutive to the imprisonment imposed in two Indiana state prosecutions for trafficking cocaine. [DE 23, 31.] Askew is currently housed in the Federal Correctional Institution in Oxford, Wisconsin, with a projected release date of March 18, 2023. Now before me is Askew's motion under 18 U.S.C. §3582(c)(1)(A) for a compassionate release from prison. The government has filed a response opposing the motion. Askew has not filed a reply.

Askew's motion, like those of thousands of other federal prison inmates, is based on the COVID-19 pandemic. As amended by the First Step Act, §3582(c)(1)(A) authorizes a defendant to seek a modification of an imposed term of imprisonment upon a showing that "extraordinary and compelling reasons warrant such a reduction." The first issue in these types of matters is administrative exhaustion. Before coming to court, a person seeking compassionate release must first request relief from the warden

of his institution.  The statute requires a defendant to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." §3582(c)(1)(A).  The government does not dispute that Askew's unsuccessful request of the warden in April 2020 satisfies the exhaustion requirement.

After the exhaustion issue, §3582(c)(1)(A) next requires a determination whether the defendant presents "extraordinary and compelling reasons" that warrant a reduction of the sentence previously imposed, and thereafter, if necessary, consideration of the sentencing factors set forth in §3553(a).  Askew offers a few considerations in support of his request for compassionate release.  He references a "huge COVID-19 out break" at FCI Oxford in the fall of 2020, and the fact that he contracted the virus, testing positive on December 1, 2020.  [DE 35-1 at 1.] Askew also complains about his medical care while sick.  [*Id*.]  He acknowledges that he has not been vaccinated.  [*Id*.]  He cites a good release plan for his life post-incarceration, and represents that he has had no conduct violation reports.  [*Id*.]

A defendant's unusual or extreme vulnerability to COVID-19 might be shown to warrant an early release from imprisonment based on the "extraordinary and compelling" standard.  Nevertheless, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).  In order to meet the applicable standard, a prisoner

2

could demonstrate that "his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). Askew does not meet these standards. He has already survived a bout of COVID infection, and has declined to be vaccinated which could offer him substantial additional protection against re-infection. [DE 42 at 78, 80.]

Askew cites no medical or other reason justifying his refusal when offered the Moderna vaccine, and the fact weighs heavily against a finding that extraordinary and compelling circumstances warrant his early release from prison due to COVID risk. As the Seventh Circuit has stated, "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *See also, United States v. Jackson*, No. 15-cr-2607 PAM/TNL, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021) ("[defendant's] decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines. While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021); *United States v. Lohmeier*, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) ("In

3

declining vaccination (twice), [defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."). Askew has not articulated any reasons for refusing vaccination, and it is of course his decision to make, but I agree with the overwhelming majority of cases that refusal to be vaccinated weighs heavily against compassionate release.

Furthermore, despite a prior wave of COVID-19 in which Askew himself was infected, the medical landscape at Askew's prison has improved dramatically. The Bureau of Prisons data reflects that although FCI Oxford has had 588 cases of COVID-19 among inmates and 80 among staff, there are currently no active cases. *See* https://www.bop.gov/coronavirus/ (visited 9/21/21). There is also nothing extraordinary or compelling about Askew's post-release plans and his completion of approximately 40 months of a 70-month sentence. Askew offers no other argument in favor of the extraordinary relief he seeks.

The COVID-19 pandemic is a scourge that has imposed great hardship and suffering on millions of people across the world. But it does not warrant the wholesale emptying of all prisons and jails. The special authority granted to sentencing judges by the recent amendment to §3582(c)(1)(A) is quite narrow, and understandably so, because it comes at the cost of truncating the carefully measured term of imprisonment previously imposed, at the expense of all the sentencing factors and goals weighed in determining that sentence. There are many facts and factors about the COVID-19

4

pandemic that can justly be called "extraordinary and compelling." But the risk of infection, or even an actual infection with the virus, is not necessarily enough to meet that standard given the prevalence of the coronavirus generally at this time. The risks James Askew now faces with respect to COVID-19 are not shown to present "extraordinary and compelling reasons" warranting a reduction in his sentence. Because Askew lacks such a reason, I need not consider the sentencing factors under §3553(a), but must deny Askew's motion for compassionate release. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

ACCORDINGLY:

Defendant James A. Askew's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release) [DE 35] is DENIED.

SO ORDERED.

ENTERED: September 22, 2021.

    /s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT